**Marvin D. MILLER,
Plaintiff–Appellant,**

v.

**UNITED STATES of America and
Internal Revenue Service,
Defendants–Appellees.**

No. 87–2969.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 30, 1988.*

Decided Feb. 8, 1989.

---

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively

concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Marvin D. Miller, Knox, Ind., for plaintiff-appellant.

J. Philip Klingeberger, Asst. U.S. Atty., Hammond, Ind., Gary R. Allen, Chief, Appellate Sec., Ann Belanger Durney, Raymond W. Hepper and Williams S. Rose, Jr., Asst. Attys. Gen., Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before POSNER, MANION and KANNE, Circuit Judges.

PER CURIAM.

Marvin Miller is a tax protester whose persistence in pursuing meritless constitutional claims through the use of the judicial review mechanism for penalty assessments under the frivolous tax return provision of 26 U.S.C. § 6702 caused the district court to sanction him $1500 for costs and attorneys' fees under Rule 11 of the Federal Rules of Civil Procedure. The court also enjoined Miller from filing such claims in the future without first obtaining leave of court, 669 F.Supp. 906. Miller has brought this *pro se* appeal from the district court's denial of his motion to reconsider these sanctions.

## I. BACKGROUND

This appeal arises from Miller's third attempt to challenge the constitutionality of

the entire federal income tax structure. The genesis of the present action is Miller's 1984 tax return, in which he chose not to provide any information regarding his income. Instead, Miller entered either the word "None" or a double asterisk ("**") after each question on the return. Miller also typed a note on the return, explaining that the double asterisks signified his "specific objection to the question under the 5th Amendment U.S. Constitution," and "similar objections under 1, 4, 7, 8, 9, 10, 13 & 14th Amendments." Miller also typed on the return that "[n]ew evidence, Certified and Documented, Shows the 16th Amendment was never legally passed. This means the whole Form, The IRS and income tax Structure is Fraudulent and Illegal, doesn't it? Please Advise!" The Internal Revenue Service responded by assessing Miller with a civil penalty of $500 for filing a "frivolous" return within the meaning of 26 U.S.C. § 6702.[1] Miller paid $75 of the penalty and filed unsuccessfully for a refund. He then relied on the judicial review provisions of 26 U.S.C. § 6703[2] to challenge his assessment and the constitu-

tionality of the sixteenth amendment in district court.[3]

In his complaint, Miller alleges that the sixteenth amendment is unconstitutional because it was illegally ratified. More specifically, he states in Count II that a book by William Benson and "Red" Beckman entitled *The Law That Never Was* (1985), documents the impropriety of the ratification process. Miller asked the district court to determine the legality of the sixteenth amendment, refund the $75 he paid toward the frivolous filing penalty, and rescind the unpaid balance of the penalty. The government, in turn, moved for summary judgment and requested attorneys' fees and costs for defending against a frivolous suit.

On September 3, 1987, the district court granted the government's motion and dismissed Miller's complaint. The district court also sanctioned Miller $1500 under Rule 11 of the Federal Rules of Civil Procedure and enjoined him from filing any further actions before it without first obtaining leave of court. The district court specified that leave to file would hinge upon Miller's certification that his claim is not

---

1. The frivolous return provision of 26 U.S.C. § 6702 provides that if:

   (1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
   (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
   (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and
   (2) the conduct referred to in paragraph (1) is due to—
   (A) a position which is frivolous, or
   (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
   then such individual shall pay a penalty of $500.

2. In pertinent part, 26 U.S.C. § 6703 provides:

   (1) In general—If, within 30 days after the day on which notice and demand of any penalty under section 6700, 6701, or 6702 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution

of a proceeding begun as provided in paragraph (2) ...
   (2) Person must bring suit in district court to determine his liability for penalty.

3. On two prior occasions Miller tried to press his constitutional objections to the federal income tax structure through use of the judicial review provisions of 26 U.S.C. § 6703. The first stemmed from Miller's purported tax return for 1982, which contained double asterisks and noted constitutional objections identical to the ones made in this case. The IRS sanctioned Miller $500 under § 6702. He paid $75.00 of the sanction, filed an unsuccessful claim for a refund, and then brought suit under § 6703. The district court granted the government's motion to dismiss in a published order which fully explained the inefficacy of Miller's blanket constitutional objections. *Miller v. United States*, 577 F.Supp. 980 (N.D.Ind.1984). Nonetheless, Miller repeated this process in filing his 1983 tax return. In an unpublished opinion, the district court again dismissed Miller's action, reiterating its analysis of the inefficacy of such blanket objections. The district court also sanctioned Miller $500 in attorneys' fees and costs under Fed.R.Civ.P. 11. We affirmed the district court's order in an unpublished opinion. *Miller v. IRS*, 799 F.2d 753 (7th Cir.1986).

one which he has previously pressed before the court and lost, and that the claim is brought in the good faith belief that it is not frivolous. On October 5, 1987, Miller filed a motion asking the district court to reconsider its sanctions. This the district court declined to do, and on December 1, 1987, Miller filed a notice of appeal. In this appeal, Miller argues that he brought his claim in good faith and that the sanctions are excessive.

## II. ANALYSIS

■ The merits of the district court's imposition of sanctions in the present case are not before us since Miller filed his notice of appeal from the district court's September 3, 1987, dismissal order well beyond the sixty-day period prescribed for suits against the United States. Fed. R. App. P. 4(a)(1); *Pryor v. U.S. Postal Service*, 769 F.2d 281, 284 (5th Cir.1985). Adherence to this time limit is both mandatory and jurisdictional. *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 561, 54 L.Ed.2d 521 (1978). Thus, the failure to file a timely notice from the district court's final judgment leaves us without appellate jurisdiction. *Wort v. Vierling*, 778 F.2d 1233, 1234 (7th Cir.1985). Miller's motion urging the district court to reconsider its order of sanctions—filed over one month after the court entered the order—must be treated as a motion under Rule 60(b). *Browder*, 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7. As such, it did not toll the time in which to file the notice of appeal from the district court's judgment. *Id.; Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 112 (7th Cir.1985). Our review is therefore limited to the question whether the district court abused its discretion in denying the motion for reconsideration. *Marane* at 755 F.2d 112; *Tunca v. Lutheran General Hospital*, 844 F.2d 411, 412 (7th Cir.1988).

■ Relief from a judgment under Rule 60(b) is limited to the following reasons: mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, and "any other reason justifying relief from the operation of the judgment." Fed. R.Civ.P. 60(b). Miller made no reference to any of these grounds in his motion to reconsider. Rather, his request for relief is based upon the allegations that the district court encouraged him to prosecute his case by granting him a jury trial in response to his request; that he was not using the courts frivolously because he was following a statutorily proscribed procedure; and that the sanctions against him are excessive. Each of these claims is without merit. For example, the first claim is unavailing since the district court's order granting Miller a jury trial according to 28 U.S.C. § 2402 if his case proceeded to that point cannot legitimately be considered "encouragement" to prosecute a frivolous action. Miller's contention that his claims are not frivolous merely because he is following the procedure enumerated in 26 U.S.C. §§ 6702 and 6703 is equally meritless. However, his argument on this point has highlighted a trend of rather significant proportions which may benefit from some attention.

When Congress instituted the frivolous return penalty provisions of 26 U.S.C. §§ 6702 and 6703, it was seeking to address the vexing problem associated with the approximately 13,600 illegal protest returns the Internal Revenue Service had under investigation as of June 30, 1981. The legislative history of these provisions reveals that Congress sought to implement a mechanism for addressing the "rapid growth in deliberate defiance of the tax laws by tax protestors." S.Rep. No. 97–494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S.Code Cong. & Ad. News 781, 1024 [hereinafter Senate Report]. To that end, § 6702 was intended to provide the IRS with an immediately assessable penalty for such frivolous protest returns. The Senate Report specifically stated that "the penalty will be immediately assessable against any individual filing a return in which many or all of the line items are not filled in except for references to spurious constitutional objections." Senate Report, 1982 U.S.Code Cong. & Ad.News at 1024. Similarly, it is clear that § 6703 was designed to provide only limited federal judicial review of whether the penalty imposed under § 6702

was proper in light of the aims of Congress. Senate Report, 1982 U.S.Code Cong. & Ad.News at 1025.

The legislative history of these provisions makes it clear that in this case as well as in his two previous actions, Miller has sought to turn the judicial review procedure of § 6703 on its head by making it a vehicle for challenging the constitutionality of the sixteenth amendment. Miller's repeated abuse of § 6703 to press his stale constitutional claims has confounded Congress' larger and unquestionably legitimate aim of maintaining the integrity of the income tax system. Senate Report, 1982 U.S.Code Cong. & Ad.News at 1025.

Our research into the practice employed by Miller and the issues he has attempted to raise reveals a troubling pattern of similar cases. *Schoffner v. Commissioner of Internal Revenue*, 812 F.2d 292 (6th Cir. 1987) (challenge to frivolous penalty assessment for filing return containing asterisks and blanket fifth amendment objection); *Eicher v. United States*, 774 F.2d 27 (1st Cir.1985) (challenge to frivolous penalty assessment for filing return containing asterisks and blanket fifth amendment objection); *Paulson v. United States*, 758 F.2d 61 (2d Cir.1985) (challenge to frivolous penalty assessment for filing return containing asterisks and series of constitutional objections); *Boomer v. United States*, 755 F.2d 696 (8th Cir.1985) (challenge to frivolous penalty assessment for filing return containing asterisks and blanket constitutional objections); *Baskin v. United States*, 738 F.2d 975 (8th Cir.1984) (challenge to frivolous penalty assessment for filing return containing asterisks and blanket fifth amendment and other constitutional objections); *Parker v. Commissioner of Internal Revenue*, 724 F.2d 469 (5th Cir.1984) (challenge to tax deficiency determination and penalty for filing an inappropriate return containing asterisks and blanket fifth amendment objection).

As best we can surmise, Miller, like the plaintiffs in the foregoing cases, has followed the advice of those associated with the "tax protester movement." The leaders of this movement conduct seminars across the country in which they attempt to convince taxpayers that the sixteenth amendment and assorted enforcement provisions of the tax code are unconstitutional. *See, e.g. United States v. Hairston*, 819 F.2d 971, 972 (10th Cir.1987). Members are encouraged to defy the income tax filing requirements through returns like those noted above. They are then instructed to obtain a jury trial so that potentially like-minded jurors may be persuaded to acquit in the exercise of their power of jury nullification. *See, e.g., United States v. Ogle*, 613 F.2d 233, 236–37 (10th Cir.1979). The movement's manifesto, Benson and Beckman's *The Law That Never Was*, is a collection of documents relating to the ratification of the sixteenth amendment, and is intended to be both a call to arms for the movement and "exhibit A" in the trials of tax protesters who argue that the sixteenth amendment was illegally ratified. *Id.* at xvii ("The tax protestor will be the great American hero of 1985 just as in 1776. It was tax protestors, not any political party, or judge or prosecutor who gave us our great Constitutional Republican form of government. The tax protest is more American than baseball, hot dogs, apple pie or Chevrolet!!").

In the eyes of the authors, the most damning evidence of the illegality of sixteenth amendment is a 1913 memorandum from the Solicitor of the Department of State to then Secretary of State Knox outlining the minor grammatical discrepancies in the instruments ratified in many of the states. This circuit has squarely addressed the merits of the ratification argument in two recent cases. *United States v. Foster*, 789 F.2d 457, 462–63 (7th Cir.1986) (73 years of application of the amendment is very persuasive on the question of validity); *United States v. Thomas*, 788 F.2d 1250, 1253–54 (7th Cir.1986) (amendment treated as properly adopted under the "enrolled bill rule"). In *Thomas*, we explained that:

> Benson and Beckman did not discover anything; they rediscovered something that Secretary Knox considered in 1913. Thirty-eight states ratified the sixteenth amendment, and thirty-seven sent formal

instruments of the ratification to the Secretary of State.... Only four instruments repeat the language of the sixteenth amendment exactly as Congress approved it. The others contain errors of diction, capitalization, punctuation, and spelling.... [the defendant] insists that because the states did not approve *exactly* the same text, the amendment did not go into effect. Secretary Knox considered this argument. The Solicitor of the Department of State drew up a list of the errors in the instruments and—taking into account both the triviality of the deviations and the treatment of earlier amendments that had experienced more substantial problems—advised the Secretary that he was authorized to declare the amendment adopted. The Secretary did so.... [his] decision is now beyond review.

*Id.* at 1253 (emphasis in original). *See also United States v. Stahl,* 792 F.2d 1438, 1439 (9th Cir.1986), *cert. denied* 479 U.S. 1036, 107 S.Ct. 888, 93 L.Ed.2d 840 (1987) (propriety of the ratification process is a political question).

▪ We find it hard to understand why the long and unbroken line of cases upholding the constitutionality of the sixteenth amendment generally, *Brushaber v. Union Pacific Railroad Company,* 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916), and those specifically rejecting the argument advanced in *The Law That Never Was,* have not persuaded Miller and his compatriots to seek a more effective forum for airing their attack on the federal income tax structure. *See Foster,* 789 F.2d at 463 n. 6 (the propriety of the ratification of a constitutional amendment may be a non-justiciable political question). Determined and persistent tax protesters like Miller seek to utilize the federal judicial forum without consideration of the significant limitations on the authority of both the district courts and the courts of appeal. One such limitation stems from the bedrock principle of *stare decisis:* lower courts are bound by the precedential authority of cases rendered by higher courts. *U.S. Ex Rel. Shore v. O'Leary,* 833 F.2d 663, 667 (7th Cir.1987). This limitation on judicial power

is one of the cornerstones of the legal structure in that it serves broader societal interests such as the orderly and predictable application of legal rules. This doctrine prevents us from disregarding the Supreme Court's opinions upholding the constitutionality of the sixteenth amendment. The Court's decisions are binding on us and the district court absent strong evidence that the Court will overrule its own cases. *Colby v. J.C. Penney Co.,* 811 F.2d 1119, 1123 (7th Cir.1987). We perceive no signs that the Supreme Court is harboring any such intentions with regard to the validity of the sixteenth amendment.

Miller would have us disregard this principle and overturn almost three quarters of a century of settled law and declare the sixteenth amendment unconstitutional. He has asked us and the district court to do that which we have no authority to do. He would have us substitute one brand of lawlessness (from his perspective) with a form of lawlessness of our own. Miller and his fellow protesters would be well advised to take their objections to the federal income tax structure to a more appropriate forum.

▪ This advice has been offered on other occasions. *Coleman v. Commissioner of Internal Revenue,* 791 F.2d 68, 72 (7th Cir.1986) (tax protesters "must choose other forums, and there are many available"). In the circumstances, the sanctions imposed by the district court were appropriate. With particular reference to the injunction limiting Miller's access to the federal courts, we note that the district court was struggling with a persistent tax protester who was undaunted by his failure in two previous cases in as many years. A monetary sanction of $500 in the latter of those two cases did not prevent Miller from returning to the federal courthouse for yet a third time with the identical claims. The district court was thus faced with a plaintiff as intransigent as the tax protester we sanctioned in *Lysiak v. C.I.R.,* 816 F.2d 311 (7th Cir.1987), and properly drew upon the injunctive relief we imposed in *Lysiak* to fashion a remedy to address the parallel strains that Miller's frivolous filings were having on its crowded docket and limited

resources. *Id.* at 313. Miller may exercise his right to access the federal courts upon a simple showing that his claim is colorable. *See Coleman,* 791 F.2d at 72 (there is no constitutional right to bring a frivolous suit). We therefore reject Miller's claim that the sanctions were excessive and hold that the district court did not abuse its discretion in denying his motion for reconsideration.

■ This, however, is not the end of the matter. The present appeal is a patently frivolous one that has generated additional costs for the defendants and this court. Five years ago we warned plaintiffs like Miller that while the doors of the courthouse are open to good faith appeals, "we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments ... In the future we will deal harshly with frivolous tax appeals and will not hesitate to impose sanctions under appropriate circumstances." *Granzow v. C.I.R.,* 739 F.2d 265, 269–70 (7th Cir.1984). This is such a circumstance. Although Miller is acting *pro se,* he knew or should have known that his position was groundless. *Coleman,* 791 F.2d at 71 (a court may and should impose sanctions if a person knows his position is groundless). Each of the three district judges before whom Miller has appeared have taken pains to explain the meritlessness of his position. *Scott v. Younger,* 739 F.2d 1464, 1467 (9th Cir.1984) (reassertion of issues disposed of in prior proceedings is sanctionable). In conformity with our policy for such tax protester cases, *Coleman,* 791 F.2d at 73, we hereby sanction Miller $1500 in lieu of attorneys' fees under Rule 38 of the Federal Rule of App. Procedure.

The judgment of district court is affirmed, with double costs and $1500 in damages imposed against the plaintiff-appellant. Miller is ordered to make payment to the Clerk of this court within thirty (30) days by a check made payable to the U.S. Treasury.

So ordered.