968 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
John G. KITSOS, Alice Kitsos and Universal Bible Church of
Bolingbrook, by its Trustee John G. Kitsos,
Defendants/Appellants.
 No. 91-2763.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1992.*
Decided July 16, 1992.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 90 C 3449; Milton I. Shadur, Judge.
 N.D.Ill., 770 F.Supp. 1230.
 AFFIRMED WITH SANCTIONS IN PART, APPEAL DISMISSED IN PART.
 Befroe BAUER, Chief Judge, and FLAUM, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 John Kitsos failed to file income tax returns for the years 1971 through 1978, although he earned taxable income during that time. He petitioned the Tax Court, which entered a decision that he owed income tax deficiencies for those years. He neither appealed that decision nor paid the amounts due. Consequently, after the Tax Court's decision became final, the Internal Revenue Service ("IRS") made assessments against him and sent him notice of the assessments, which he did not pay. The government brought this action to reduce Mr. Kitsos' assessed tax liabilities to judgment and to collect that judgment by foreclosing tax liens against his interest in certain real property. The property in question was a home purchased by Mr. and Mrs. Kitsos in 1973 which they purportedly conveyed to the Universal Bible Church of Bolingbrook ("Church") in 1978. The district court granted the government's motion for summary judgment, finding that Mr. Kitsos' underlying liability was established by the Tax Court and operated as res judicata for purposes of the collection action. The district court then ruled that the government was entitled to collect the unpaid assessments by foreclosing its tax liens upon the property as there was fraud in the conveyance of that property to the Church,[1] or alternatively, under the alter ego theory.[2] Mr. Kitsos,[3] pro se, does not challenge the district court's reasons regarding the government's entitlement to the property, but instead raises typical tax protestor arguments that have been repeatedly rejected by this court.
 
 
 2
 We review a district court's grant of summary judgment de novo, drawing all reasonable inferences in the light most favorable to the non-moving party. Kreutzer v. A.O. Smith Corp., 951 F.2d 739, 743 (7th Cir.1991). We will affirm only if we conclude that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (citing Fed.R.Civ.P. 56(c)).
 
 
 3
 Mr. Kitsos asserts that the district court erred in assuming that it had subject matter and personal jurisdiction. This argument is based on Mr. Kitsos' contention that the United States does not have the ability or authority to file a tax action against him. There is absolutely no merit to this jurisdictional challenge. The government commenced this action pursuant to 26 U.S.C. §§ 7402 and 7403, and the district court had subject matter jurisdiction over this case pursuant to those provisions and pursuant to 28 U.S.C. §§ 1340 and 1345.[4] Similarly, his argument that he is not a "person" as defined by the Internal Revenue Code is simply wrong, since the Code applies to persons throughout the nation. United States v. Sloan, 939 F.2d 499, 501 (7th Cir.1991). Finally, Mr. Kitsos argues that the district court erred in accepting computer generated documents (Forms 4340) as conclusive evidence that the assessments were made. We held in United States v. Farris, 517 F.2d 226, 228-29 (7th Cir.1975), that certified computer records that demonstrated the defendant's failure to file income tax returns were admissible as self-authenticating documents.[5]
 
 
 4
 The government has requested $1500 in sanctions against Mr. Kitsos for filing this frivolous appeal. See 28 U.S.C. § 1912; Fed.R.App.P. 38. We have warned appellants like Mr. Kitsos that "we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments ... and will not hestitate to impose sanctions under appropriate circumstances." Granzow v. C.I.R., 739 F.2d 265, 269-70 (7th Cir.1984). The fact that Mr. Kitsos is proceeding pro se does not save him from the imposition of sanctions, since "he knew or should have known that his position was groundless." Miller v. United States, 868 F.2d 236, 242 (7th Cir.1989). Because we have determined that this appeal is frivolous, we sanction Mr. Kitsos $1500 in damages in lieu of attorney's fees under Federal Rule of Appellate Procedure 38. See id.[6]
 
 
 5
 For the above reasons, the decision of the district court is AFFIRMED WITH SANCTIONS as to Mr. Kitsos and the appeal is DISMISSED for lack of prosecution as to Mrs. Kitsos.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The district court found that under Illinois law the conveyance was fraudulent because: 1) the transfer was made without consideration; 2) it was made at a time when Mr. Kitsos owed delinquent taxes; and 3) the transfer left him without assets to pay his delinquent taxes. See Gendron v. Chicago & North Western Transp. Co., 564 N.E.2d 1207, 1215 (Ill.1990)
 
 
 [2]
 Debts of a delinquent taxpayer may be satisfied from assets held in the name of his nominee or alter ego. G.M. Leasing Corp. v. United States, 429 U.S. 338, 350-51 (1977). The district court found that the Kitsos family treated the property as their own in that they continued to reside on the premises, their names, rather than the Church's name, were on the mailbox, and they were the beneficiaries of the insurance policy on the residence
 
 
 [3]
 The notice of appeal identifies Alice and John Kitsos and the Church as appellants. It was signed by Mrs. Kitsos on her behalf and Mr. Kitsos on his behalf. Mr. Kitsos also signed as trustee for the Church even though he is not a lawyer and was told repeatedly by the district court that he could not represent the Church if it were a separate entity. Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir.1985) ("corporations must appear by counsel or not at all"). Because no proper notice of appeal was filed on behalf of the Church, we have no jurisdiction over its appeal. In addition, because Mrs. Kitsos did not participate in the briefing and has abandoned the appeal, the appeal is dismissed as to her for lack of prosecution. Therefore, Mr. Kitsos is the only appellant left in this appeal
 
 
 [4]
 Mr. Kitsos argues that the district court erred by not stating "the mode and characture [sic] of the proceedings." The mode and character of the proceedings were evident both from the statutes under which this collection action was brought and from the Federal Rules of Civil Procedure
 
 
 [5]
 Mr. Kitsos argues that he submitted evidence that an error might have occurred in the assessment procedures. The "evidence" upon which he relies is a memorandum advising Regional Commissioners of the importance of the Assessment Officer's signature on the Assessment Certificates. All of the assessments submitted by the government with respect to this case have been signed
 
 
 [6]
 Since the government has fully briefed the question of sanctions and since Mr. Kitsos had reasonable notice of the government's request for sanctions and an opportunity to respond to it in his reply brief, Circuit Rule 38 does not require further briefing. Colosi v. Electri-Flex Co., No. 91-3795, slip op. at 7-8 (7th Cir. June 16, 1992)