966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gary B. WILCHER, Sr., Plaintiff-Appellant,
v.
Ken BRUCE and David J. Hruska, United States Special Agents,
Defendants-Appellees.
 No. 91-2895.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided June 24, 1992.
Rehearing In Banc Denied
July 23, 1992.
 
 Before CUMMINGS, POSNER, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Gary B. Wilcher, proceeding pro se, appeals the district court's dismissal of his complaint in which he sought to enjoin two IRS agents from investigating his tax liabilities. Because we are in agreement that the complaint fails to state a claim for relief pursuant to Fed.R.Civ.P. 12(b)(6), we affirm the judgment of the district court for the reasons stated in the attached memorandum opinion.
 
 
 2
 The IRS requests $1,500 in sanctions against Wilcher for filing this appeal. See 28 U.S.C. § 1912; Fed.R.App.P. 38. In the past, we have imposed sanctions on appellants like Wilcher who insist on pressing groundless arguments on appeal. See Miller v. United States, 868 F.2d 236, 242 (7th Cir.1989). Such is the case here. Wilcher in his brief raises a patently frivolous "tax protester" argument, see United States v. Sloan, 939 F.2d 499, 500-01 (7th Cir.1991) (rejecting the contention that citizens of the states are not citizens of the United States for tax purposes), cert. denied, 112 S.Ct. 940 (1992), warranting the imposition of sanctions against him. Accordingly, we sanction Wilcher $1,500 in damages in lieu of attorney's fees under Fed.R.App.P. 38. See Miller, 868 F.2d at 242. Wilcher has 15 days from the date of this decision to explain why he should not pay damages for this appeal. See Circuit Rule 38 (effective February 1, 1992).
 
 
 3
 AFFIRMED WITH SANCTIONS.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 EVANSVILLE DIVISION
 
 4
 Gary B. Wilcher, Sr., Plaintiff,
 
 
 5
 v.
 
 
 6
 United States Special Agents--Ken Bruce, David J. Kruska, Defendants.
 
 Cause No. EV 90-69-C
 JUDGMENT ENTRY
 
 7
 This matter is before the Court on the Motion to Dismiss filed on August 21, 1990, by the defendants. Plaintiff filed his response to said motion on September 7, 1990. In addition, plaintiff filed a Motion for Status Determination and a memorandum in support thereof on September 7, 1990.
 
 
 8
 The Court, after considering the instant motion, and being duly advised, now finds that defendants' motion should be granted and this case dismissed.
 
 
 9
 IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that defendants' Motion to Dismiss is GRANTED and this cause of action is DISMISSED.
 
 
 10
 IT IS SO ORDERED at Evansville, Indiana, this 18th day of June, 1991.
 
 Gene E. Brooks
 Gene E. Brooks, Chief Judge
 United States District Court
 Southern District of Indiana
 MEMORANDUM
 
 11
 This action was brought by the plaintiff, Gary B. Wilcher, Sr., in the form of a Complaint filed June 12, 1990. Plaintiff seeks to enjoin the United States, through its special revenue agents, from conducting an investigation into plaintiff's compliance with the internal revenue laws of the United States.
 
 
 12
 Although there are a number of theories upon which plaintiff's Complaint should be dismissed, this Court will address only one. At the crux of Mr. Wilcher's argument is his contention that he is not a citizen of the United States, and therefore he is beyond the investigatory powers of the Internal Revenue Service. Plaintiff's contention is without merit.
 
 
 13
 Plaintiff acknowledges in his Complaint that special agents of the Internal Revenue Service have authority to investigate citizens of the United States. While plaintiff admits that he was born a citizen of Ohio and is currently a citizen of Indiana, he asserts that he is not a citizen of the United States. Plaintiff relies on 26 U.S.C. § 3121(e)(2) which reads as follows:
 
 
 14
 For purposes of this chapter--
 
 
 15
 * * *
 
 
 16
 * * *
 
 
 17
 (2) United States.--The term "United States" when used in the geographical sense includes the Commonwealth of Puerto Rico, the Virgin Islands, Guam and American Samoa.
 
 
 18
 Plaintiff concludes in his Complaint that the term "United States" does not include the fifty states of the Union for federal income tax purposes.
 
 
 19
 The Eleventh Circuit in United States v. Ward noted that the term "included" in 26 U.S.C. § 3121(e)(2) was not a term of limitation. Rather it was a term of definition which clarified that the United States includes not only the fifty states but also the District of Columbia and the other territories listed. United States v. Ward, 833 F.2d 1538, 1539 (11th Cir.1987). The Fourteenth Amendment defines citizens of the United States as "[a]ll persons born or naturalized in the United States." U.S. Const., Amdt. 14, § 1. It is abundantly clear that plaintiff is a citizen of the United States and therefore subject to the investigatory powers of the Internal Revenue Service.
 
 
 20
 This Court finds that plaintiffs contentions are without merit. Plaintiff has failed to state a claim upon which relief can be granted, and therefore this Court GRANTS defendants' Motion to Dismiss.
 
 
 21
 cc: Gary B. Wilcher, Sr.,
 
 P.O. Box 15038
 Evansville, IN 47716
 Jeffrey L. Hunter, AUSA
 Office of the United States Attorney
 Fifth Floor, U.S. Courthouse
 46 E. Ohio Street
 Evansville, IN 46204
 Scott H. Harris, Trial Attorney
 Tax Division
 U.S. Department of Justice
 P.O. Box 55, Ben Franklin Station
 Washington, DC 20044
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Wilcher has filed such a statement. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record