46 F.3d 1133
 75 A.F.T.R.2d 95-578
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald F. DORSCH, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-3443.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 23, 1994.
 
 Before POSNER, Chief Judge, and BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Gerald F. Dorsch, proceeding pro se, appeals from an order of the United States Tax Court dismissing his petition for failure to state a claim and affirming the Commissioner's determination of deficiencies and additions to tax. The Tax Court found that the petition failed to allege that the Commissioner made any computing errors in calculating the amount of Dorsch's deficiencies. The Tax Court upheld the Commissioner's deficiency determinations, and imposed sanctions against Dorsch under 26 U.S.C. Sec. 6673. For the reasons set forth below, we affirm, and impose additional sanctions against Dorsch for bringing this appeal.
 
 BACKGROUND
 
 2
 On March 3, 1993 and March 16, 1993, the Commissioner notified Dorsch that he owed taxes for the taxable years 1989 and 1990, as well as additions to tax for both years.
 
 
 3
 On June 3, 1993, Dorsch, representing himself, petitioned the Tax Court for redetermination of these deficiencies and additions to tax on the grounds that:
 
 
 4
 (a) the Commissioner's computations had no basis in fact and were mere estimates;
 
 
 5
 (b) the allegations upon which the penalties were based had no basis in fact and were meritless;
 
 
 6
 (c) the procedures leading up to the making of the computations were deficient and violative of the Commissioner's internal procedures.
 
 
 7
 (R. at 2.) Dorsch also alleged in his petition that he had "other meritorious grounds but [was] fearful of setting forth these grounds because of the threats and coercion" made against him "in previous U.S. Tax Court litigation." He further complained that he could not "receive a fair hearing in the U.S. Tax Court under any circumstances." Id.
 
 
 8
 The Commissioner filed a motion to dismiss for failure to state a claim. The Commissioner contended that Dorsch violated Tax Court Rule 34(b) because his petition failed to allege specific facts in support of his claimed errors.
 
 
 9
 On July 26, 1993, the Tax Court directed Dorsch to file an amended petition "on or before August 16, 1993," setting forth with specificity each claimed error of the Commissioner and a specification of the facts upon which he based each claim of error. Id. at 5. The court further informed the parties that a hearing on the Commissioner's motion to dismiss would be held on August 25, 1993, and reminded them of their right under Tax Court Rule 50(c) to submit a written statement in lieu of attending the hearing. Id.
 
 
 10
 On August 19, 1993, Dorsch moved to set a briefing schedule regarding the Commissioner's motion to dismiss, or, in the alternative, to extend the time to file an amended petition. Dorsch argued that he believed the Commissioner's motion was "not well-founded" and that he "should be given the opportunity to show why he believes this is so in advance of having to file an Amended Petition." Id. at 6. Dorsch also argued that the Tax Court's order to file an amended petition in only three weeks was "unjust," especially when compared to the ninety days afforded petitioners to file their original petitions. Id. The Tax Court filed Dorsch's submission as a motion to continue the hearing scheduled for August 25, and denied it on August 20, 1993.
 
 
 11
 On August 25, 1993, the Tax Court conducted the hearing on the Commissioner's motion to dismiss. Dorsch neither appeared at the hearing nor filed any written statement in lieu of attending. After the Commissioner's counsel presented argument, the court stated that it saw "no reason to delay this matter any further" and would grant the Commissioner's motion to dismiss.
 
 
 12
 The Tax Court entered an Order of Dismissal and Decision in favor of the Commissioner on August 30, 1993. In this order, the Tax Court concluded that dismissal was appropriate under Rule 34(b) because Dorsch's petition failed to allege specific facts in support of his claim that the Commissioner's determinations had no basis in fact. The court imposed sanctions of $5000 against Dorsch under I.R.C. Sec. 6673 because Dorsch's petition was "groundless" and filed "primarily for purposes of delay." Id. at 9.
 
 
 13
 On September 7, 1993, Dorsch moved for leave to file an amended petition, asserting that he did not receive the denial of his August 19, 1993 motion until August 24, 1993, and that he made his "best reasonable effort" in amending his petition in a short time.[1] Id. at 10. The Tax Court filed this motion as a motion to vacate, and denied it on September 9, 1993.
 
 
 14
 On September 30, 1993, Dorsch appealed.
 
 ANALYSIS
 
 15
 We review de novo the Tax Court's dismissal of a petition for failure to state a claim upon which relief may be granted. Fox v. Commissioner, 969 F.2d 951, 952 (10th Cir.1992).
 
 I. Untimeliness of Amended Petition
 
 16
 On appeal, Dorsch argues that because he is appearing pro se, his pleadings should be held to a less stringent standard than those prepared by counsel. He also argues that the Tax Court should have granted him a hearing about claims contained in an amended petition which he filed after the Tax Court had already dismissed the case. These arguments are not compelling.
 
 
 17
 Although pro se pleadings are viewed less stringently, a petitioner who chooses to proceed pro se must comply with the applicable substantive and procedural rules of law. Lefebvre v. Commissioner, 830 F.2d 417, 419 (1st Cir.1987). Here, Dorsch was given notice that his petition was inadequate by both the government's motion to dismiss and the Tax Court order dated July 26, 1993. Both documents identified and described the deficiencies of Dorsch's petition. The Tax Court's July 26 order, for instance, explicitly directed Dorsch to amend his petition "on or before August 16, 1993" to include clear and concise assignments of error and specific facts in support of his claims. That order also warned Dorsch that the court had authority to impose sanctions for filings of any frivolous action. (R. at 5.)
 
 
 18
 Dorsch, however, failed to respond properly to the court's order. Rather than filing an amended petition by August 16, 1993, Dorsch opted on August 19 to file a document entitled "Motion for Briefing Schedule or, in the Alternative, Motion for an Extension of Time." In addition, Dorsch chose neither to appear at the August 25, 1993 hearing nor to submit a written statement in lieu of appearing at the hearing. Not until after the hearing concluded did the Tax Court issue an order of dismissal and decision affirming the Commissioner's assessment of deficiencies. Under these circumstances, the Tax Court properly dismissed Dorsch's petition for failure to state a claim.
 
 II. Sanctions
 
 19
 The Commissioner asks us to impose sanctions against Dorsch for bringing this appeal. The government raised this request in its brief, but Dorsch passed up the opportunity to respond in a reply. See Colosi v. Electri-Flex Co., 965 F.2d 500, 505 (7th Cir.1992).
 
 
 20
 This court has discretion to impose sanctions against litigants, even pro se, for filing a frivolous appeal. 28 U.S.C. Sec. 1912; Fed.R.App.P. 38; Urban v. Commissioner, 964 F.2d 888, 890 (9th Cir.1992). Sanctions are appropriate if the result of an appeal is obvious and the arguments of error are wholly without merit. Urban, 964 F.2d at 890; see also Granado v. Commissioner, 792 F.2d 91, 94 (7th Cir.1986), cert. denied, 480 U.S. 920 (1987); Coleman v. Commissioner, 791 F.2d 68, 73 (7th Cir.1986). The government has asked for double costs and attorneys' fees--sanctions which we have found appropriate in past cases. See, e.g., Miller v. united States, 868 F.2d 236, 242 (7th Cir.1989); Coleman, 791 F.2d at 73.
 
 
 21
 This court has warned plaintiffs like Dorsch that although we are receptive to good faith appeals, we shall not tolerate stale and frivolous arguments pressed by irresponsible taxpayers who abuse the judicial review process. Miller, 868 F.2d at 242. This case does not constitute Dorsch's first attempt to press frivolous tax-protester type claims before this court. See Dorsch v. Commissioner, No. 92-2920 (7th Cir. Aug. 30, 1993) (affirming Tax Court's imposition of $5,000 penalty against Dorsch under Sec. 6673(a)). Like that last attempt, the present appeal is a patently frivolous and groundless one that has generated costs for the government and this court. Moreover, the Tax Court's earlier imposition of sanctions against Dorsch alerted him to the frivolousness of his claim. In conformity with our policy for such tax protester cases, we sanction Dorsch $1500 in lieu of attorney's fees under Fed.R.App.P. 38. See Miller, 868 F.2d at 242.
 
 
 22
 We AFFIRM the order of the Tax Court, and impose double costs and $1500 in damages against Dorsch.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner-Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 In his amended petition, Dorsch challenged the Commissioner's computations of his tax deficiencies as "mere estimates" because the computations were based on "conjectural or simply incorrect" figures supplied by the Commissioner. In particular, Dorsch contested the computations contained in one of the forms attached to the notice of deficiency; Dorsch asserted that contrary to the information contained in that form, he did not receive a pension or annuity distribution. Dorsch further asserted that he was never given an opportunity for an administrative hearing regarding his deficiencies for taxable years 1989 and 1990. Finally, Dorsch repeated his claim that he had other meritorious grounds but feared describing them because of "threats and coercion" made against him in previous Tax Court litigation. (R. at 10.)