**UNITED STATES of America, Plaintiff,**

v.

**Brenda J. Hawkins MALLAH, f/k/a Brenda J. Hawkins, Defendant.**

**No. IP 93–1107–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 11, 1995.

Samuel D. Brooks, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for plaintiff.

---

Brenda J. Hawkins Mallah f/k/a Brenda J. Hawkins, Indianapolis, IN, pro se.

## ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT

McKINNEY, District Judge.

This cause is before the Court on the plaintiff's complaint, on the defendant's answer and on the plaintiff's motion for summary judgment and supporting materials.

Whereupon the Court, having read and examined such pleadings and motion, and being duly advised, now makes its ruling:

### Introduction

Plaintiff is the United States of America. Defendant is Brenda J. Hawkins Mallah ("Hawkins"). Plaintiff alleges that Hawkins is indebted to the Internal Revenue Service (IRS) in the amount of $33,862.57 plus statutory interest resulting from an erroneous refund check issued by plaintiff on August 23, 1991 and negotiated by Hawkins on August 29, 1991. The only substantive pleading filed by the defendant was her answer of February 18, 1994, where she simply states that "there is no indebtedness to the United States of America for the amount or for the reasons alleged in the complaint."

### Findings of Fact

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(e), the Court makes the following findings of fact:[1]

1. Because of a clerical error, the IRS mistakenly issued a refund check to Hawkins in the amount of $33,862.57 on August 23, 1991 (Government Exhibit B).

2. The refund check was negotiated by Hawkins on August 29, 1991 (Government Exhibit B).

3. Hawkins was notified in writing on May 14, 1992 of the error and was requested to return the check or the proceeds therefrom within 10 days (Government Exhibit C).

4. Hawkins has not returned any portion of the erroneous refund.

5. Hawkins has not responded to the plaintiff's discovery requests served on July 29, 1994, nor has she moved the court for the withdrawal or amendment of the requests for admissions.

6. Any conclusion of law stated below, to the extent that it constitutes a finding of fact, is herein incorporated by reference as an additional finding of fact by the Court.

### Conclusions of law

Based on the foregoing Findings of Fact the court now makes the following Conclusions of Law:

1. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c).

2. A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Schroeder v. Barth, Inc.*, 969 F.2d 421, 423 (7th Cir.1992). If the moving party carries this burden, the opposing party then must "go beyond the pleadings" and present specific facts which show that a genuine issue exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Scherer v. Rockwell Int'l Corp.*, 975 F.2d 356, 360 (7th Cir.1992).

3. Hawkins, though proceeding *pro se* in this action, is bound by the applicable substantive and procedural rules of law. *Dorsch v. Commissioner*, 1994 WL 712590, *2, 1994 U.S.App. LEXIS 36467, *5 (7th Cir. December 23, 1994). She was informed of the nature of the plaintiff's motion, of the proper manner in which to respond, of the

---

[1]. The findings of fact in this Entry constitute those as to which there is no genuine issue between the parties or, if such an issue exists, represent the version most favorable to Hawkins. Also, since Hawkins did not respond to the request for admissions propounded by plaintiff those requests are deemed admitted pursuant to *Fed.R.Civ.P.* 36(b) and are therefore considered as undisputed facts in relation to the resolution of this action.

time permitted for a response and of the consequences of failing to respond, all pursuant to *Timms v. Frank,* 953 F.2d 281, 286 (7th Cir.), *cert. denied, Timms v. Coughlin,* 504 U.S. 957, 112 S.Ct. 2307, 119 L.Ed.2d 228 (1992). By not responding, the Court is justified in relying on the plaintiff's unopposed factual submissions in determining whether its burden under *Fed.R.Civ.P.* 56(c) has been met. *Johnson v. Gudmundsson,* 35 F.3d 1104, 1116 (7th Cir.1994).

3. Jurisdiction for this action is conferred by 28 U.S.C. §§ 1340 and 1345. Section 1340 provides, in part:

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue....

Further, Section 1345 provides:

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

4. The plaintiff's action is brought pursuant to 26 U.S.C. § 7402. Section 7402(a) provides, in part:

The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions ... orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws....

5. The plaintiff has sought recovery of the erroneous refund based, in part, upon 26 U.S.C. § 7405(b):

Any portion of a tax imposed by this title which has been erroneously refunded ... may be recovered by civil action brought in the name of the United States.

6. The plaintiff timely filed this action for recovery of erroneous refund in accordance with 26 U.S.C. § 6532(b), which provides, in part:

Recovery of an erroneous refund by suit under section 7405 shall be allowed only if

such suit is begun within 2 years after the making of such refund....

7. Hawkins is indebted to the plaintiff by reason of its mistaken overpayment to her in the amount of $33,862.57. Additionally, the plaintiff is entitled to interest on the erroneous refund as provided in 26 U.S.C. § 6602:

Any portion of an internal revenue tax (or any interest, assessable penalty, additional amount, or addition to tax) which has been erroneously refunded, and which is recoverable by suit pursuant to section 7405, shall bear interest at the underpayment rate established under section 6621 from the date of the payment of the refund.

8. The "date of the payment of the refund" has been interpreted by many courts, as a matter of equity, as that date upon which the person receiving the erroneous refund had the use of the money—usually considered to be the date the check was cashed. *See United States v. Baumann,* 1987 WL 6851 (N.D.Ill.1987); *United States v. McMullen,* 26 AFTR ¶ 70–5241 (S.D.Ind. 1970).

9. The plaintiff is entitled to recover interest on the amount of the erroneous refund, $33,862.57, from August 29, 1991 until paid, all pursuant to 26 U.S.C. §§ 6621 and 6602.

### Conclusion

No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.,* 957 F.2d 317, 322 (7th Cir.1992) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)). That is the situation here. The plaintiff has sustained its burden under Rule 56(c) and its motion for summary judgment will therefore be granted. The judgment tendered by the plaintiff shall issue *in haec verba.*

**IT IS SO ORDERED.**