**Dan E. McLAUGHLIN,
Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE SERVICE,
Respondent–Appellee.**

No. 87–1497.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 1, 1987.

Decided Oct. 16, 1987.

Amended Oct. 30, 1987.

Dan E. McLaughlin, pro se.

Michael L. Paup, Chief, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., Roger M. Olsen, Ann B. Durney, John J. Doyle, Asst. Atty. Gen., for respondent-appellee.

Before CUMMINGS, CUDAHY and FLAUM, Circuit Judges.

PER CURIAM.

Tax protesters, those who persist in pressing losing arguments in an attempt to challenge the legitimacy of the federal income tax, are thorns in the side of the

federal judiciary. *Cf. Coleman v. Commissioner,* 791 F.2d 68 (7th Cir.1986). In this case, Dan McLaughlin, a tax protester proceeding *pro se,* appeals from a decision of the United States Tax Court which (i) dismissed his petition for failure to state a claim, (ii) awarded statutory damages to the respondent Commissioner, and (iii) sustained the Commissioner's determination of deficiencies and statutory additions to tax. For the reasons set forth below, we substantially affirm the Tax Court (modifying only its award of damages) and, in response to the government's request, impose sanctions of our own.

The course of this litigation is well-known to the parties. Moreover, in view of the complete lack of merit of the instant appeal, there is no sense in undertaking to restate the facts underlying McLaughlin's groundless contentions. This case has already consumed more than its fair share of judicial resources.

The Tax Court's decision sustained the Commissioner's determination that for the years 1980, 1981 and 1982 McLaughlin received wage and interest income in the respective amounts of $36,403, $30,621, and $24,510. For those same years, McLaughlin filed no federal income tax returns, reported no income tax as due and had no taxes withheld from his wages. McLaughlin has not and presently does not dispute the Commissioner's computation of deficiency or statutory penalties; rather, he argues that he is, for a number of reasons, exempt from the payment of income tax. Because McLaughlin's petition for review of the Commissioner's assessments alleged no factual errors, as required by Tax Court Rule 34(b)(4) and (5),[1] the Tax Court granted the Commissioner's motion to dismiss,

sustained the deficiencies and additions to tax and awarded the Commissioner the maximum damages permitted under 26 U.S.C. § 6673, *to wit:* $5,000.

On appeal, McLaughlin posits three arguments: (1) that his liability for federal income tax is contractual in nature and he has rescinded that contract; (2) that his religious scruples prevent him from "entering into contracts with the inhabitants of the land;" and (3) that he receives no benefits from the state and therefore owes nothing to the state. Each of these arguments has been previously addressed by the courts and soundly rejected; by raising them again in the Tax Court and on appeal to this court McLaughlin has understandably provoked judicial ire.

The notion that the federal income tax is contractual or otherwise consensual in nature is not only utterly without foundation but, despite McLaughlin's protestations to the contrary, has been repeatedly rejected by the courts. *See, e.g., Newman v. Schiff,* 778 F.2d 460, 467 (8th Cir.1985); *United States v. Drefke,* 707 F.2d 978, 981 (8th Cir.), *cert. denied, sub nom., Jameson v. United States,* 464 U.S. 942, 104 S.Ct. 359, 78 L.Ed.2d 321 (1983). Furthermore, case law in this circuit is well-settled that individuals must pay federal income tax on their wages regardless of whether they avail themselves of governmental benefits or privileges. *See Coleman v. Commissioner,* 791 F.2d 68, 70 (7th Cir.1986); *Lovell v. United States,* 755 F.2d 517, 519 (7th Cir.1984). And finally, McLaughlin's contention that his religion excuses him from having to pay income tax is forestalled by the Supreme Court's decision in

---

**1.** Rule 34 of the Rules of the United States Tax Court states in relevant part:

    (a) General. (1) Deficiency or liability actions. The petition with respect to a notice of deficiency or a notice of liability shall be substantially in accordance with ... and shall comply with the requirements of these Rules relating to pleadings ... Failure of the petition to satisfy applicable requirements may be ground for dismissal of the case ...

    (b) Content of petition in deficiency or liability actions. The petition in a deficiency or liability action shall contain:

\*   \*   \*   \*   \*   \*

    (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability ... Any issue not raised in the assignment of errors shall be deemed to be conceded ...

    (5) Clear and concise lettered statements of the facts, on which petitioner bases the assignments of error.

*United States v. Lee,* 455 U.S. 252, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982), where the Court held that "because the broad public interest in maintaining a sound tax system is of such high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax." *Id.* at 260, 102 S.Ct. at 1057. *See also First v. Commissioner,* 547 F.2d 45 (7th Cir.1976) (per curiam).

We turn next to consideration of the Tax Court's award of statutory damages of $5,000 against McLaughlin. Title 26 of the United States Code provides at § 6673 for an award of damages, up to a maximum of $5,000, to the United States "[w]henever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless...." While heartily concurring in the Tax Court's decision to award damages to the government under § 6673, we are uneasy upon review of the record in this case about levying the maximum possible penalty against McLaughlin who appeared *pro se* and who does not appear to be an habitual abuser of judicial process for these purposes.

In *Coleman v. C.I.R.,* 791 F.2d 68 (7th Cir.1986), this Circuit rejected the proposition that a showing of subjective bad faith was a prerequisite to the imposition of sanctions pursuant to § 6673. Addressing the issue of what sort of factors the Tax Court may take into account in determining how severe a sanction to impose and recognizing that no single formula can be fashioned to calculate the appropriate penalty in cases such as this, we determine that meaningful appellate review of § 6673 damage awards requires an articulation by the Tax Court of those particular factors, both objective and, in appropriate cases, subjective, upon which it has relied in fixing the sum assessed. While in the instant case, the record tends to support the Tax Court's determination that McLaughlin's suit was groundless and likely to result in defeat, this Court is unable, because of the absence of more specific findings, to conclude definitively that McLaughlin's conduct was so egregious as

to warrant the imposition of the maximum sanction. The Tax Court's award of § 6673 damages is therefore reduced from the $5,000 maximum allowable to $3,500.

Finally, the United States has asked us, pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38, to impose sanctions of our own against McLaughlin for filing this appeal. The government's invitation is accepted. Where an appeal is both frivolous and an appropriate one for the imposition of sanctions, and this appeal surely satisfies both criteria, an appellate court may impose sanctions. *See Reid v. United States,* 715 F.2d 1148, 1154–55 (7th Cir. 1985). In lieu of costs and attorneys' fees and in accordance with the government's suggestion, McLaughlin is ordered to remit an additional $1,500 payable to the United States Treasury. *See Coleman v. C.I.R.,* 791 F.2d 68, 73 (7th Cir.1986). While the Tax Court's adverse decision was no doubt unpleasant news to McLaughlin, the court's admonition that the claims pressed there were utterly frivolous and without any conceivable merit should have discouraged McLaughlin from rehashing those same stale arguments in this forum.

AFFIRMED AS MODIFIED WITH SANCTIONS.