951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Hughes BRAILEY, Plaintiff/Appellant,
v.
SECRETARY OF TREASURY, U.S.A., and Commissioner of Internal
Revenue, U.S.A., Defendants/Appellees.
 No. 90-3613.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 3, 1991.*
Decided Dec. 26, 1991.
 
 Before WOOD, JR., and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Taxpayer Hughes Brailey appeals pro se the district court's dismissal of his "Request for Judicial Review." We affirm.
 
 I.
 
 2
 On February 9, 1990, the Internal Revenue Service ("IRS") issued a "Notice of Levy" on Brailey's wages because Brailey owed $2,141.96 in civil penalties for the 1983, 1985, and 1987 tax years. Brailey believes that "he is not the lawful object of Title 26 regulation and taxation." So, on April 2, 1990, Brailey petitioned the district court for review of the IRS's action and requested that the district court order the IRS "to stay its proceedings for levy and seizure."
 
 
 3
 The district court dismissed Brailey's petition for lack of jurisdiction. We agree with the district court that Brailey's petition, seeking to prevent the collection of the taxes assessed against him, is proscribed by the Anti-Injunction Act. 26 U.S.C. § 7421. The Anti-Injunction Act, with limited exceptions, applies to any aggrieved party for whom Congress has provided an alternative remedy, South Carolina v. Regan, 465 U.S. 367, 378 (1983), and proscribes any "suit for the purpose of restraining the assessment or collection of tax." Bob Jones University v. Simon, 416 U.S. 725, 736 (1974) (citing 26 U.S.C. § 7421(a)). Brailey has an alternative remedy, namely paying the tax and bringing suit for a refund, South Carolina, 465 U.S. at 374-376, and none of the statutory exceptions is applicable to this case.[1]
 
 
 4
 To meet the judicial exception to the Anti-Injunction Act, Brailey must demonstrate irreparable harm, certainty of success on the merits, or, in other words, that the government cannot ultimately prevail on the merits. Id. at 374; (citing Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 6-7 (1962)). We agree with the district court that Brailey's suit is not within the judicial exception. In challenging his tax liability, Brailey asserts "tax protester type arguments": 1) as a "natural person under the common law" he is not subject to tax because "income tax is an excise tax on the privilege of conducting business in an extra-common law capacity;" and 2) that federal income tax liability is contractual and he did not knowingly or willingly contract with the federal government. These arguments have been consistently rejected by the courts.[2] See McLaughlin v. Commissioner of I.R.S., 832 F.2d 986, 987 (7th Cir.1987) ("[t]he notion that federal income tax is contractual or otherwise consensual in nature is not only utterly without foundation but, ... has been repeatedly rejected by the courts"); Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir.1986), and cases cited there, (rejecting "tired" argument that a "common law" or "natural" individual who receives no special government privileges may not be taxed). Thus, Brailey cannot demonstrate certainty of success on the merits. Nor can he establish that he will be irreparably harmed if the IRS is not enjoined from collection because of the availability of a refund suit. South Carolina, 465 U.S. at 374-78; Bob Jones University, 416 U.S. at 746-47; Enoch, 370 U.S. at 6-7.
 
 
 5
 Brailey's case does not fall within the statutory or judicially created exceptions to the Anti-Injunction Act. A suit which does not fall within one of these exceptions is dismissed for lack of subject matter jurisdiction. Elias v. Connett, 908 F.2d 521, 523 (9th Cir.1990). Accordingly, the district court correctly dismissed Brailey's petition.[3]
 
 
 6
 Lastly, the IRS has asked this court, pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38, to impose sanctions against Brailey for filing this appeal. This court has imposed sanctions on appellants, even those proceeding pro se, who insist on pressing superficial and stale arguments on appeal. Miller v. United States, 868 F.2d 236, 242 (7th Cir.1989). In Miller, this court warned appellants that "we will deal harshly with frivolous tax appeals and will not hesitate to impose sanctions...." Id. On appeal, Brailey seeks to prevent collection of the taxes assessed against him through frivolous and repeatedly rejected "tax protester" arguments. Under these circumstances, sanctions are appropriate. See Coleman, 792 F.2d at 72 (citing Connor v. Commissioner, 770 F.2d 17, 20 (2d Cir.1985) (argument that wages are not income has been rejected so frequently that the very raising of it justifies the imposition of sanctions); see also Mclaughlin, 832 F.2d at 988 (this court imposed sanctions where appellant persisted in raising patently frivolous tax protester claims on appeal); Granado v. Commissioner, 792 F.2d 91, 94 (7th Cir.1986) ("litigants who pursue frivolous arguments before this court can expect sanctions"). In accordance with this circuit's practice, Brailey is sanctioned $1,500 damages in lieu of attorneys fees under Fed.R.App.P. 38. See Miller, 868 F.2d at 242 ("[i]n conformity with our policy for such tax protester cases, Coleman, 791 F.2d at 73, we sanction Miller $1500 in lieu of attorneys' fees under Rule 38 of the Fed.Rule of App.Procedure"); Mclaughlin, 832 F.2d at 988; Granado, 792 F.2d at 94.
 
 
 7
 For the reasons stated herein, the district court's order is AFFIRMED with $1500 in SANCTIONS imposed against the plaintiff-appellant. Brailey is ordered to make payment to the clerk of this court within (30) days by a check made payable to the U.S. Treasury.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Although Brailey alleges that these exceptions are applicable to his case, he provides this court with no facts or argument in support of that allegation
 
 
 [2]
 It appears that Brailey also argues that the government will not prevail on the merits because the IRS allegedly failed to provide him with a formal hearing "on the issue of jurisdiction" in violation of the Administrative Procedure Act. However, Brailey does not offer any citation to legal authority in support of this argument. United States v. Cherif, 943 F.2d 692, 700 (7th Cir.1991)
 
 
 [3]
 Because we affirm for lack of subject matter jurisdiction, we need not discuss the district court's alternative grounds for dismissal of Brailey's suit. We note, however, that Brailey's argument that the Federal Rules of Appellate Procedure governed his action in the district court is meritless. Thus, Brailey's contention that the district court improperly refused to order the IRS to file his administrative record under Fed.R.App.P. 17 necessarily lacks merit