12 F.3d 1101
 73 A.F.T.R.2d 94-648
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arthur W. ROSS, Sr., Plaintiff-Appellant,
v.
Shirley D. PETERSON, Defendant-Appellee.
 No. 92-3753.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 23, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 Order
 Insisting that Shirley D. Peterson, former Commissioner of Internal Revenue, is personally liable to him for her role in a tax system that has led to his indictment and imprisonment (not to mention indignities suffered along the way), Arthur W. Ross, Sr., appeals the district court's dismissal of this Bivens action. Ross does not rely on Bivens, indeed does not distinguish constitutional from common law theories, or torts from violations of the Administrative Procedure Act, but he has named Peterson individually (and disdains any official-capacity action), so it is Bivens or nothing. Cf. Bivens v. Six Unknown Agents, 403 U.S. 388, 410 (1971) (Harlan, J., concurring).
 
 
 1
 The Department of Justice has treated this as an official-capacity suit, filing a brief on behalf of "The Commissioner of Internal Revenue" and insisting that the case must be dismissed because the United States (the Commissioner's alter ego) has not waived its immunity from damages. Yet Ross did not file an official-capacity suit; he filed a personal-capacity suit against Peterson (well, actually he sued "Mrs. Shirley Peters", but everyone got the drift). The Westfall Act, 28 U.S.C. Sec. 2679, provides a means by which the United States may be substituted as a defendant in litigation against federal employees. Instead of following the procedures specified in that statute--inapplicable to the constitutional claim Ross apparently seeks to pursue, see Sec. 2679(b)(2)(A)--the Department of Justice has proceeded as if a substitution had been accomplished. Such a head-in-the-sand posture would do a serious disservice to Ms. Peterson if Ross had a glimmer of a claim. But he does not, so we bring this litigation to a close.
 
 
 2
 Having named Peterson as the sole defendant, Ross had to establish that she, personally, violated his constitutional rights. That minions of the Treasury Department may have done so is irrelevant; Ross must identify the persons who did him harm and sue them, not choose as a convenient target the head of a bureau in which they serve. If Ross had troubled to name the right defendant, he still would have encountered substantial barriers in separating constitutional from other theories (mentioning the fourth and fifth amendments, as Ross does, falls well short of showing that anyone has violated these amendments), in immunity doctrines, and in the limits on Bivens litigation when Congress has established other means of redress. See Cameron v. IRS, 773 F.2d 126 (7th Cir.1985); see also Schweiker v. Chilicky, 487 U.S. 412 (1988); Chappell v. Wallace, 462 U.S. 296 (1983); Bush v. Lucas, 462 U.S. 367 (1983). No matter; Ross does not get over the first hurdle.
 
 
 3
 Defendant has asked for sanctions on account of Ross's abuse of process, culminating in this frivolous appeal. Ross is a tax protester who has refused to accept the law despite his criminal conviction and is trying to lash back at those who administer the tax system. Retaliation is not a proper use of the judicial system. We regularly impose sanctions in cases of this character, see Coleman v. CIR, 791 F.2d 68, 73 (7th Cir.1986); McLaughlin v. CIR, 832 F.2d 986, 988 (7th Cir.1987), and do so here as well. The district court told Ross this suit is frivolous; he persisted, ignoring the reasons that court gave. Defendant's brief asked for sanctions; Ross ignored that request. In light of the bypassed opportunity, Circuit Rule 38 does not require a further round of notices. Colosi v. Electri-Flex Co., 965 F.2d 500, 505 (7th Cir.1992). We direct Ross to pay $1,500 in damages under Fed.R.App.P. 38.
 
 
 4
 AFFIRMED WITH SANCTIONS.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record