12 F.3d 1101
 73 A.F.T.R.2d 94-642
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Loras L. STEINES, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 92-2214, 92-2950.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993*.
Decided Dec. 1, 1993.
 
 Before CUMMINGS, CUDAHY, and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Loras L. Steines appeals two decisions of the United States Tax Court which determined his tax liability for the years 1981 through 1988 and imposed total penalties of $20,000 pursuant to 26 U.S.C. Sec. 6673.[1] By this court's order of January 19, 1993, Steines' appeals were consolidated, and Steines was granted leave to proceed in forma pauperis on the sole issue of the Tax Court's imposition of Sec. 6673 penalties. Because Steines has failed to convince us that the Tax Court abused its discretion in either case, and indeed has merely repeated arguments which the Tax Court advised him were frivolous, we affirm.
 
 
 2
 After receiving three notices from the Internal Revenue Service of tax deficiencies and additions for the years 1981 through 1987, Steines filed a petition with the Tax Court seeking redetermination of these amounts, claiming that he did not owe any money to the United States government because of "unsettled related issues" with various government agencies. In response to several requests for admissions and production of documents, Steines filed a frivolous "motion to dismiss" and a motion for a continuance. Steines alleged that he had been deprived of access to his tax records by the Veterans Administration, which had foreclosed on his mortgage. This foreclosure had led to Steines' eviction from his property on February 14, 1990, and, according to Steines, to his inability to prove that he did not owe back taxes. At a hearing held on June 18, 1990, the Tax Court thoroughly explored this allegation and concluded that it was unfounded. During this proceeding, the court warned Steines several times that his disputes with other government agencies were not relevant to the determination of his tax liability, and that the court would not permit him to raise extraneous issues for purposes of delay. The court also informed Steines that if he persisted in his dilatory tactics, he would face penalties of up to $25,000 in addition to any taxes owed. Steines nevertheless continued to file frivolous motions. At his June 25, 1990 trial, he again pressed the same meritless arguments that had been the object of the court's warning.
 
 
 3
 The same day that Steines went to trial on his first claim, he filed a second petition with the Tax Court, this time challenging the Commissioner's notice of tax deficiency and addition to tax for the year 1988. On August 16, 1991, the Tax Court issued an order admonishing Steines that his position appeared to be frivolous, and that Sec. 6673 permitted the court to impose penalties of up to $25,000 if he persisted in advancing meritless arguments. This warning did not deter Steines, who proceeded to engage in the same dilatory tactics in the second case as he had in the first. At his trial on the second petition, he again insisted that the Veterans Administration had deprived him of his tax records. In its decision entered on December 2, 1991, the Tax Court concluded that Steines owed $8,869 in back taxes and $571 in additions to tax for the year 1988, and that Steines' petition was patently frivolous and had been brought solely for purposes of delay. It accordingly imposed a $5,000 penalty pursuant to Sec. 6673.
 
 
 4
 Approximately six weeks later, on January 13, 1992, the Tax Court entered its decision in the first case. The court found that Steines owed $46,479 in back taxes and $36,672 in additions to tax for the years 1981 through 1987. It also determined that Steines had engaged in dilatory and obstructive conduct throughout the course of the proceedings, thus warranting the imposition of a $15,000 penalty pursuant to Sec. 6673. Post-trial motions for reconsideration in both cases were denied. Steines appeals both decisions.
 
 
 5
 The sole issue before us is the propriety of the Sec. 6673 penalties imposed on Steines. We must determine whether the Tax Court abused its discretion in penalizing Steines in the amounts of $5,000 and $15,000 for bringing frivolous petitions and engaging in dilatory conduct in the two proceedings.[2] See Fox v. Commissioner, 969 F.2d 951, 953 (10th Cir.1992); Burke v. Commissioner, 929 F.2d 110, 116 (2d Cir.1991); Sandvall v. Commissioner, 898 F.2d 455, 459 (5th Cir.1990). Our review of Sec. 6673 penalties "requires an articulation by the Tax Court of those particular factors, both objective and, in appropriate cases, subjective, upon which it has relied in fixing the sum assessed." McLaughlin v. Commissioner, 832 F.2d 986, 988 (7th Cir.1987) (per curiam ); see also Granado v. Commissioner, 792 F.2d 91, 94 (7th Cir.1986) (per curiam ), cert. denied, 480 U.S. 920 (1987). In each of these proceedings, the Tax Court rested its determination of penalties on the fact that Steines continued to make frivolous motions and advance frivolous arguments despite having been warned of the consequences. In the first proceeding, the judge warned Steines from the bench that he faced penalties of up to $25,000 if he persisted in his dilatory tactics. Remarkably, Steines instituted the second proceeding only one week later. Similar warnings from the second Tax Court judge also failed to deter Steines. Although the $15,000 penalty in particular is quite harsh, the judge who imposed it observed that Steines had become a habitual abuser of Tax Court proceedings for the sole purpose of delaying payment of the back taxes he owes. Cf. McLaughlin, 832 F.2d at 988 (where petitioner was not a habitual abuser of judicial process, imposition of maximum sanction was not warranted). We therefore conclude that the Tax Court did not abuse its discretion in either case.
 
 
 6
 Steines was granted in forma pauperis status by this court only for the purpose of challenging the Sec. 6673 penalties imposed on him, yet he calls into question the Tax Court's determinations of his tax liability as well, again raising the same frivolous arguments that lead to the imposition of these penalties in the first place. The Commissioner has accordingly requested that we impose an appropriate damage award against Steines pursuant to 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38. Steines knew that his claims were without arguable merit, and could have avoided incurring additional penalties had he refrained from repeating them here. See McLaughlin, 832 F.2d at 988; Coleman v. Commissioner, 791 F.2d 68, 73 (7th Cir.1986). We therefore impose $500 in damages.
 
 
 7
 AFFIRMED with SANCTIONS.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner-Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 26 U.S.C. Sec. 6673(a)(1) provides in part: "Whenever it appears to the Tax Court that--(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, [or] (B) the taxpayer's position in such proceedings is frivolous or groundless, ... the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000."
 
 
 [2]
 In 1989, Congress determined that the $5,000 maximum penalty under Sec. 6673 had failed to deter taxpayers from taking frivolous positions before the Tax Court, and authorized the Tax Court to impose penalties of up to $25,000 in cases that were pending on or instituted after December 31, 1989. See Omnibus Budget Reconciliation Act of 1989, Pub.L. No. 101-239, Sec. 7731(a), (d), 103 Stat. 2400, 2400-02 (1989); see also H.R.Rep. No. 247, 101th Cong., 1st Sess. 1399-1400 (1989), reprinted in 1990 U.S.C.C.A.N. 1906, 2869-70