27 F.3d 569
 73 A.F.T.R.2d 94-2098
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael H. FRITZ, Plaintiff-Appellant,
v.
John R. HANNON, et al., Defendants-Appellees.
 No. 93-2147.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1994.*
Decided May 5, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Michael H. Fritz filed this action against twelve agents of the Internal Revenue Service (IRS), alleging that they violated federal and state law when they seized his property to satisfy his federal tax liability. The district court dismissed the action.
 
 
 2
 Contending that he is not a "taxpayer" within the meaning of the Internal Revenue Code, Fritz failed to pay federal income taxes in 1990. Acting pursuant to 26 U.S.C. Secs. 6331 and 6335, the IRS filed a notice of a federal income tax lien, then proceeded to empty Fritz's bank accounts, cash and collect his insurance policies, and seize and sell his automobile. Fritz then began this case, claiming that defendants conspired to violate his rights under the first, fourth, fifth, ninth, and tenth amendments, as well as several provisions of state law. Fritz requested declaratory and injunctive relief, plus damages in the amount of $150,000,000 from each defendant.
 
 
 3
 Fritz seeks to hold the agents liable to him for the violation of his federal constitutional rights.[1] We therefore construe this as a Bivens action. See Bivens v. Six Unknown Agents, 403 U.S. 388 (1971); Feit v. Ward, 886 F.2d 848 (7th Cir.1989). On appeal, Fritz argues that the defendants seized his property without due process of law in violation of the fifth amendment, and that the provisions of the Internal Revenue Code are irrelevant to this appeal because the Constitution supersedes the Internal Revenue Code and, in any event, Fritz is not a "taxpayer." Fritz's arguments are frivolous. It is well established that the courts will not create a Bivens action for the violation of a constitutional right "when Congress has created explicit remedies or when a court-created remedy would interfere with the effective functioning of the government." Cameron v. IRS, 773 F.2d 126, 129 (7th Cir.1985), citing Bush v. Lucas, 462 U.S. 367, 388-90 (1983). According to Fritz's complaint and attached exhibits, Fritz received notice of tax deficiency and demand for payment no later than March 1992, and his automobile was seized in July 1992. When the IRS determines that a taxpayer owes money to the government, it must issue a notice of deficiency and allow the taxpayer ninety days within which to petition the Tax Court for a redetermination of the deficiency. 26 U.S.C. Sec. 6213(a). Alternatively, the taxpayer may seek a refund of any tax alleged to have been illegally collected by instituting a post-deprivation action. 26 U.S.C. Sec. 7422. The existence of these adequate procedures enabling Fritz to prevent, and later to challenge, the seizure of his automobile and other assets, precludes this action for damages pursuant to Bivens.[2] Cameron, 773 F.2d at 128-29; accord McMillen v. Department of the Treasury, 960 F.2d 187, 190-91 (1st Cir.1991); Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990); National Commodity and Barter Ass'n v. Gibbs, 886 F.2d 1240, 1247-48 (10th Cir.1989); Baddour, Inc. v. United States, 802 F.2d 801, 807-08 (5th Cir.1986).
 
 
 4
 Defendants request that we impose an appropriate penalty against Fritz for this patently frivolous appeal. See McLaughlin v. Commissioner, 832 F.2d 986, 988 (7th Cir.1987); Cameron, 773 F.2d at 129-30. Although Fritz had ample notice that the government sought sanctions, see Colosi v. Electri-Flex Co., 965 F.2d 500, 505 (7th Cir.1992), he failed to address the issue in his lengthy reply brief, instead repeating arguments that the district court had advised him were without legal merit. We therefore award damages in the amount of $1,500 for Fritz's abuse of process in pursuing this meritless appeal. 28 U.S.C. Sec. 1912; Fed.R.Civ.P. 38. See Coleman v. CIR, 791 F.2d 68 (7th Cir.1986).
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Plaintiff-Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Although Fritz mentions that the defendants also violated his rights under the Wisconsin Constitution, he offers no argument concerning how the defendants allegedly violated those rights, or even what those rights are
 
 
 [2]
 Indeed, the Supreme Court has consistently held that, where internal revenue collection is at issue, the availability of a meaningful post-deprivation remedy is sufficient to satisfy the Due Process Clause. Bob Jones Univ. v. Simon, 416 U.S. 725, 746-48 (1974); Fuentes v. Shevin, 407 U.S. 67, 90-92 (1972); Phillips v. Commissioner, 283 U.S. 589, 595-97 (1931)