52 F.3d 328
 75 A.F.T.R.2d 95-1838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James B. CANIFF, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-2937.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 6, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 Order
 
 1
 James B. Caniff did not file income tax returns for seven years, resulting in a deficiency determination for the unreported income. Caniff petitioned the Tax Court, claiming that the deficiency was erroneously based upon "excise taxable activities", that the IRS failed to provide filed 1099 Forms, and that he was a non-resident alien. The tax court held that the petition failed to contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and dismissed it accordingly. Tax Ct.R. 34(b).
 
 
 2
 The tax deficiency clearly related to income taxes, rather than excise taxes, so Caniff's complaints about the calculation of excise taxes were correctly disregarded. It was Caniff's burden, not the Commissioner's, to demonstrate any inaccuracy or irrationality in the deficiency. McLaughlin v. Commissioner, 832 F.2d 986 (7th Cir.1987); see also Helvering v. Taylor, 293 U.S. 507, 515 (1935). The failure of Caniff to comply with Rule 34(b) makes any lack of Form 1099's irrelevant. See also Scherping v. Commissioner, 747 F.2d 478 (8th Cir.1984).
 
 
 3
 Caniff's claim that he is a non-resident alien is preposterous on its face. He acknowledges that he lives in Indiana. The tax power applies fully to each and every of the fifty United States, not just the District of Columbia. United States v. Sloan, 939 F.2d 499 (7th Cir.1991); In re Becraft, 885 F.2d 547 (9th Cir.1989). The tax court was correct to note that a claim based on this fantasy was no claim at all.
 
 
 4
 Caniff claims on appeal that the income tax cannot constitutionally tax wages. The argument has no merit whatsoever, and was long ago singled out as a frivolous one. Coleman v. Commissioner, 791 F.2d 68 (7th Cir.1986).
 
 
 5
 The Commissioner requests damages under Fed.R.App.Proc. 38 and I.R.C. Sec. 7482(c)(4). The appellant has fourteen days to show cause why he should not be sanctioned for filing a frivolous and groundless appeal. See Coleman, 791 F.2d at 72-73.
 
 
 6
 The decision of the tax court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statement has been filed. Accordingly, the appeal is submitted on the briefs and the record