In re Wilbur Burt HALE.

Bankruptcy No. 92–42623 S.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

April 22, 1996.

Paula J. Casey, Little Rock, AR, for USA, IRS.

Wilbur Burt Hale, Pro Se.

### ORDER DENYING MOTION TO DISMISS IRS CLAIMS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Motion to Dismiss IRS Claims, filed on November 5, 1996. The matter was called for hearing on February 22, 1996, at which time the parties indicated that no testimony would be presented to the Court. Mr. Hale was given an additional ten days to file further written statements to the Court, which statements were made on March 6, 1996.

This Chapter 13 case was filed on October 28, 1992, but a plan not confirmed until March 17, 1993. An amended United States proof of claim for internal revenue taxes was filed on May 26, 1994, with the Chapter 13 trustee,[1] and an Order entered on June 16, 1994, allowing the amended claim in the amount of $21,391.25. The debtor's objection to the proof of claim, asserting that he was not a citizen of the United States, was denied as frivolous on July 20, 1994. Fifteen months later, the debtor filed the instant motion to "dismiss" the IRS proof of claim.

The debtor's motion, brief, rebuttal, and supplement all assert time-worn tax protester rhetoric, including assertions that the IRS must "evidence" the law and regulations. Debtor further asserts that he made no contract with the United States for taxes and is

---

1. In this district proofs of claim in Chapter 13 cases are filed solely with the Chapter 13 trustee. Since neither party appended a copy of the proof of claim to their respective briefs, the Court has no information on the content of the IRS proof of claim.

not subject to the "colorable law jurisdiction of the United States in the corporate monopoly of the Federal and State Governments." He rails against the "concealed" bankruptcy of the United States and recites at length the history of the illegal gold standard. One portion of his brief even contains portions of the table of contents to title 26 of the United States Code. This legalistic gibberish has been so repeatedly and soundly dismissed that the courts no longer analyze each issue, unless imposing sanctions for filing such frivolous babble. *See e.g., Newman v. Schiff,* 778 F.2d 460, 467 (8th Cir.1985); *May v. Comm'r,* 752 F.2d 1301, 1304 (8th Cir.1985) ("[T]he complaint merely contains conclusory assertions attacking the constitutionality of the Internal Revenue Code and its applicability to the taxpayer. Tax protest cases like this one raise no genuine controversy; the underlying legal issues having long been settled."); *United States v. Silkman,* 543 F.2d 1218, 1220 (8th Cir.1976), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977); *McLaughlin v. Comm'r,* 832 F.2d 986, 987 (7th Cir.1987) (In affirming imposition of sanctions by district court and imposing additional sanctions, court noted: "The notion that the federal income tax is contractual or otherwise consensual in nature is not only utterly without foundation but, despite McLaughlin's protestations to the contrary, has been repeatedly rejected by the courts."), *Connor v. Comm'r,* 770 F.2d 17, 20 (2d Cir. 1985) (argument rejected so frequently that very raising of it justifies sanctions); *Crain v. Comm'r,* 737 F.2d 1417, 1417 (5th Cir.1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."). Inasmuch as the debtor, for the second time, has failed to raise any rational basis for the disallowance of the United States proof of claim, it is

**ORDERED** that the debtor's Motion to Dismiss IRS Claims, filed on November 5, 1996, is DENIED.

**IT IS SO ORDERED.**