**Allin M. MEANS, Plaintiff,**

v.

**John C. STOCKER, District Director, et al., Defendants.**

**No. 98–2915–Tu/V.**

United States District Court,
W.D. Tennessee,
Western Division.

Dec. 11, 1998.

Allin Means, pro se.

David M. Katinsky, U.S. Dept. of Justice, Tax Division, Washington, DC, for defendant.

## ORDER GRANTING MOTION TO DISMISS ORDER DISMISSING CASE AND ORDER ASSESSING APPELLATE FILING FEE

TURNER, District Judge.

Plaintiff, Allin Means, filed this complaint against former District Director of the Internal Revenue Service John Stocker[1] in Shelby County Chancery Court. The United States removed the action to this Court pursuant to 28 U.S.C. §§ 1442 and 1444. Plaintiff alleges violations of his right to due process in conjunction with the administrative proceedings before the Internal Revenue Service (IRS). Plaintiff seeks to restrain the defendant from taking further collection action on a levy issued against his bank account and earnings, removal of the levy, and damages.

The defendant has filed a motion to dismiss. Grounds for his motion are: 1) improper service of process, 2) lack of subject matter jurisdiction/sovereign immunity, and 3) failure to state a claim. Plaintiff responded to the motion to dismiss on November 17, 1998 with an affidavit and memorandum.

When considering a motion to dismiss, the Court must "treat all of the well-pleaded allegations of the complaint as true." *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 1, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). *See also Saylor v. Parker Seal Co.,* 975 F.2d 252, 254 (6th Cir.1992). The Court must construe all the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). It must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Before considering the merits of plaintiff's claims against Stocker, the Court must determine whether it has subject matter jurisdiction. Absent subject matter jurisdiction, the Court has no authority to rule on the merits of the claim. *See Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)(holding that a motion to dismiss may only be decided once the Court establishes subject matter

---

1. Plaintiff also named "DOES I–XX" as "real parties of interest." It is unclear whether he sought to name these parties as defendants. It is well settled that a complaint cannot be commenced against fictitious parties. *Bufalino v. Michigan Bell Tel. Co.,* 404 F.2d 1023, 1028 (6th Cir.1968); *see also Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir.1996) (explaining that a claim naming fictitious "John Doe" defendants does not commence an action and that a subsequent amendment identifying the defendant cannot relate back under Rule 15). Thus, the Court construes the complaint only against defendant Stocker.

jurisdiction over the claims); *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990)(same).

█ Plaintiff sues Stocker in his personal and individual capacity.[2] Plaintiff alleges violation of his constitutional right to due process under the Fourth and Fifth Amendments. The Court therefore construes plaintiff's complaint as an action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

> In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court established that victims of a constitutional violation committed by a federal agent may recover damages against a federal official despite the absence of a statute conferring the right to recover damages.

*Jones v. TVA*, 948 F.2d 258, 262 (6th Cir. 1991) (citations omitted).

The Sixth Circuit recently rejected a *Bivens* challenge to actions of IRS agents in a similar situation in *Fishburn v.*

*Brown*, 125 F.3d 979, 982–83 (6th Cir. 1997). Fishburn insisted, as does Means, that the agents were sued individually. The Sixth Circuit held:

> Congress has provided a damages remedy for the reckless or intentional disregard of Internal Revenue Code provisions by IRS employees in collecting taxes. See 26 U.S.C. § 7433. Furthermore, Congress unequivocally stated that § 7433 is 'the exclusive remedy for recovering damages resulting from such actions.' 26 U.S.C. § 7433(a). This provision does not mention constitutional violations; however several other circuits have concluded that § 7433 precludes *Bivens* actions against IRS agents for due process violations.... [3] Simply put this is not a case where the plaintiff did not have access to judicial review. Whether the plaintiff is claiming a procedural or substantive due process violation, she had adequate levels of review to bring her allegations. Consequently, a *Bivens* action is not viable. The Supreme Court has re-

---

**2.** Plaintiff is adamant in the reponse to dismiss that he has not sued the United States. The United States has not filed a motion to be substituted as the defendant. While the court recognizes that a claim against this former IRS official is, contrary to plaintiff's assertion, essentially a claim against the United States, *see Rochefort v. Gibbs*, 696 F.Supp. 1151, 1152 (W.D.Mich.1988), because of plaintiff's insistence, his claim is not analyzed under the the "Anti–Injunction" Act, *see* 26 U.S.C. § 7421(a) or under the Federal Tort Claims Act, 28 U.S.C. § 2674 et seq. The Court notes that neither analysis would provide plaintiff any relief, in any event.

**3.** *See Vennes v. An Unknown Number of Unidentified Agents*, 26 F.3d 1448, 1454 (8th Cir.1994)("[Sections] 7432 and 7433 have authorized taxpayer actions against the United States to recover limited damages resulting from *specific types of misconduct* by IRS employees. These carefully crafted legislative remedies confirm that, in the politically sensitive realm of taxation, Congress' refusal to permit unrestricted damage actions by taxpayers has not been inadvertent."); *McMillen v. United States Dep't of Treasury*, 960 F.2d 187, 190 (1st Cir.1991)(per curiam)("Even if the behavior described in the complaint did constitute some sort of constitutional viola-

tion ... we doubt that the creation of a *Bivens* remedy would be an appropriate response. 'Congress has given taxpayers all sorts of rights against an overzealous officialdom.' ")(quoting W*ages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir.1990)(holding that remedies provided by Congress foreclose a *Bivens* action for due process violations); *National Commodity and Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1248 (10th Cir.1989)("Although there may be no established mechanism for the recovery of damages against federal authorities for unconstitutional conduct, the unavailability of complete relief does not mandate the creation of a *Bivens* remedy when other 'meaningful safeguards or remedies for the rights of persons situated as [were the plaintiffs] are available.' ")(quoting *Schweiker[v. Chilicky]*, 487 U.S. [412,] 425, 108 S.Ct. 2460, 101 L.Ed.2d 370 [1988] ); *see also Fritz v. Hannon*, No. 93–2147, 1994 WL 174145, at *1 (7th Cir. May 5, 1994)(order)(holding that plaintiff, whose car was seized by the IRS, had adequate statutory procedures to challenge the seizure of his automobile, and thus, the plaintiff was precluded from bringing a *Bivens* action for damages.)

peatedly held that where internal revenue collection is at issue, a meaningful port-deprivation remedy will satisfy the Due Process Clause. *Bob Jones University v. Simon,* 416 U.S. 725, 747, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974)('And although the congressional restriction to postenforcement review may place an organization claiming tax-exempt status in a precarious financial position, the problems presented do not rise to the level of constitutional infirmities, in light of the powerful government interest in protecting the administration of the tax system from premature judicial interference . . . .').

Analyzing plaintiff's claims under the rationale of *Fishburn,* it is clear he does not have an actionable *Bivens* claim for a violation of due process.

Plaintiff has apparently chosen not to utilize his alternative appropriate means to challenge the validity of the tax by paying the tax, filing a claim for a refund, and if the claim is denied, then bringing suit in the district court or United States Court of Federal Claims. 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422. By not paying the tax assessed against him, plaintiff also voluntarily deprives himself of the remedies provided by 26 U.S.C. §§ 7432 and 7433 for civil damages.

Clearly, plaintiff has chosen not to invoke his proper remedies and can not prove any set of facts which would entitle him to relief in this matter. Accordingly, this Court finds pursuant to Fed. Rule Civ. P. 12(b)(1) that it does not have subject matter jurisdiction of the claims against Stocker. The motion to dismiss is hereby GRANTED.

Additionally the Court finds that plaintiff's complaint lacks an arguable basis either in law or in fact and is, therefore, frivolous. *See Denton v. Hernandez,* 504

U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). As the complaint is frivolous, it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis.* Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

 The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* The same considerations that lead the Court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff, proceeding *in forma pauperis,* is not taken in good faith.

The Sixth Circuit Court of Appeals decisions in *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir.1997), and *Floyd v. United States Postal Service,* 105 F.3d 274 (6th Cir.1997), apply to any appeal filed by the plaintiff in this case.

If plaintiff files a notice of appeal, he must pay the entire $105 filing fee required by 28 U.S.C. §§ 1913 and 1917.[4] The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If the plaintiff

---

4. The fee for docketing an appeal is $100. *See* Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or

upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

fails to comply with the above assessment of the appellate filing fee within thirty days of the filing of the notice of appeal or the entry of this Order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore,* 114 F.3d at 610.