[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 9, 2010
JOHN LEY
CLERK

No. 09-13348
Non-Argument Calendar

_____

D. C. Docket No. 08-81090-CV-KLR

UNITED STATES OF AMERICA,

Plaintiff-Counter
Defendant-Appellee,

versus

JOHN KORMAN,

Defendant-Counter
Claimant-Appellant,

INTERNAL REVENUE SERVICE,

Counter-Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 9, 2010)

Before EDMONDSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

John Korman <u>pro se</u> appeals the district court's grant of summary judgment to the United States on its claim seeking to reduce to judgment Korman's unpaid 1997 federal income tax. After review, we affirm.

## I. GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

The government supported its summary judgment motion with: (1) a copy of Korman's signed 1997 federal tax return, which showed he in fact owed $47,949, irrespective of interest and penalties, after his payroll withholding; (2) a certified copy of a Form 4340 "Certificate of Assessments, Payments, and Other Specified Matters" that confirmed the amounts owed from Korman's signed return and indicated Korman had made no payments and received no credits other than his payroll withholding; and (3) a declaration of Calvin Byrd, an Internal Revenue Service ("IRS") revenue officer, reiterating that Korman refused to pay the amount due and calculating the total amount owed as $98,478.70 as of December 8, 2008. This total amount of $98,478.70 represents the $47,949 (that Korman himself showed on his own return), plus $2,328 in penalties (which Korman's return also showed) and $48,201.70 in accrued interest.

Over Korman's opposition, the district court granted the government's

motion and entered judgment against Korman in the amount of $98,478.70, plus all interest, fees, and statutory additions accruing by law after December 8, 2008. Korman appealed.[1]

## II. DISCUSSION

"In reducing [a tax] assessment to judgment, the Government must first prove that the assessment was properly made." United States v. White, 466 F.3d 1241, 1248 (11th Cir. 2006). Submission of a Form 4340 creates a presumption that the assessment was proper. Id. "Once the Form is provided, the taxpayer must then prove that the assessment is erroneous in order to prevail." Id.[2]

Korman has not shown the tax assessment was erroneous. Korman asserts that the government added his name to the "business name" line on Schedule C of his return, but even if true, the change does not affect the correctness of the tax assessment. Korman challenges Byrd's declaration as unbelievable because Byrd

---

[1]Korman purports to challenge the district court's jurisdiction. However, district courts have jurisdiction to hear civil actions to collect taxes. 26 U.S.C. § 7402(a). Korman's arguments are all either wrong factually (e.g., his contentions that the summons was not signed by the clerk, and the Attorney General did not authorize the lawsuit against him) or legally (e.g., his contention that the Supplemental Federal Rules of Civil Procedure for admiralty and forfeiture actions govern and require the government to verify its complaint).

[2]We review de novo the district court's grant of summary judgment. Martin v. Brevard County Pub. Sch., 543 F.3d 1261, 1265 (11th Cir. 2008). In doing so, "[w]e draw all factual inferences in a light most favorable to the non-moving party." Shiver v. Chertoff, 549 F.3d 1342, 1343 (11th Cir. 2008). Summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

states Korman was given a withholding credit in April 1998, two months before the IRS received Korman's return. However, as a matter of law, amounts withheld by an employer are credited to a taxpayer's account on April 15 of the following year. 26 U.S.C. § 6513(b)(1). Korman argues the tax assessment is invalid because the government never sent him a notice and demand for payment, but the Form 4340 indicates a notice was sent and signed for, and in any event, a notice of assessment need not be sent before the government may file suit. United States v. Chila, 871 F.2d 1015, 1019 (11th Cir. 1989). Korman's other arguments challenging the tax assessment are erroneous, unsupported, or irrelevant.

We also reject Korman's argument that the district court abused its discretion by granting summary judgment before the discovery period was complete. The government filed its motion for summary judgment on December 30, 2008. Korman replied on January 12, 2009, contending that the government's motion was premature because the discovery period was not complete. However, the district court did not grant the government's motion until June 16, 2009, which was over five months after the government's motion was filed. In the district court and now on appeal, Korman has never explained "the facts [he] expect[ed] to discover and how those facts would create a genuine issue of material fact precluding summary judgment." Harbert Int'l v. James, 157 F.3d 1271, 1280 (11th

4

Cir. 1998) (emphasis added).[3]  Moreover, Korman had five months for additional discovery before the district court ruled on the government's summary judgment motion and has not shown that he could not obtain any needed information during that time.

Korman's remaining arguments are frivolous.  See, e.g., United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987) (describing as "utterly without merit" contentions that federal jurisdiction extends only to Washington, D.C. and federal territories and enclaves, that federal income tax laws do not apply to residents of the states, and that only the withholding agents of nonresident aliens and foreign corporations are subject to federal income tax); McLaughlin v. Commissioner, 832 F.2d 986, 987 (7th Cir. 1987) ("The notion that the federal income tax is contractual or otherwise consensual in nature is not only utterly without foundation but . . . has been repeatedly rejected by the courts."); McNair v. Eggers, 788 F.2d 1509, 1510 (11th Cir. 1986) (characterizing as "stale" and "patently frivolous" arguments that wages do not qualify as income and that the taxpayer is not "a

_____

[3]A party who is unable without further discovery to support his opposition to a motion for summary judgment may file a motion under Federal Rule of Civil Procedure 56(f), together with an affidavit setting forth with particularity the facts he expects to discover and how those facts would create a genuine issue of material fact.  The government argues Korman never filed a Rule 56(f) motion or an affidavit.  However, Korman did verify his response to the government's motion for summary judgment.  Even construing that as a Rule 56(f) motion, however, Korman still has not set forth the facts he expected to discover and how they would create a genuine and material factual issue.

5

person" subject to the tax laws).  We affirm the district court's grant of summary judgment to the government.

**AFFIRMED.**